### STEINFUR PATENTS CORPORATION v. STERLING FUR DYERS, Inc., et al.

District Court, S. D. New York.
May 20, 1941.

Lemlein & Wolsky, of New York City, for plaintiff.

Broad, Brawer & Burris, of New York City, for defendant Sterling Fur Dyers, Inc.

MANDELBAUM, District Judge.

The petitioner, Sterling Fur Dyers, Inc., one of the above named defendants, moves to vacate a decree entered herein on the 7th day of May, 1936 (called in the moving papers "perpetual injunction"), or in the alternative, to vacate an injunction issued herein on the 13th day of May, 1936, and served upon the petitioner on April 25th, 1941.

The decree of May 7th, 1936 was entered on consent. Thereafter, the petitioner herein became a licensee of the plaintiff, pursuant to a certain license agreement between the plaintiff and one Austin, of which the plaintiff availed itself.

The petitioner having failed to pay certain royalty installments, plaintiff elected, pursuant to a default clause in the license agreement, to terminate the same. The injunction, to enforce the May 7th, 1936, decree which is now being attacked, was served after the petitioner had instituted a suit in the State Supreme Court against the plaintiff to obtain a refund of royalties paid. The claim made there is that the plaintiff violated the license agreement by accepting lesser royalties from other licensees than it received from the petitioner. This, it is contended, amounts to a breach of the agreement by the plaintiff. That suit is now awaiting trial.

A court of equity undoubtedly has the power to take cognizance of a change in conditions which would render it unjust and oppressive to continue an injunction previously granted.

Has the license agreement so changed the status of the parties so as to render the original decree ineffective? The Circuit Court of Appeals of this Circuit, in two cases has passed upon this question. Radio Corp. of America v. Cable Radio Tube Corp., 66 F.2d 778. The facts were rather similar to the ones at bar. There, the court had before it cross-motions. The first, to punish for contempt and the other, to set aside an injunction. The former motion was granted, whereas the latter was denied. The court passed upon the defendant's claim of breach of a license agreement by the licensor and decided that the claim was without merit. In that decision, the Circuit Court of Appeals held the injunction to be in full force and effect, irrespective of the license agreement. The other case is Lewis Invisible Stitch Mach. Co. v. Popper, 2 Cir., 118 F.2d 191. There too, the court sustained an injunction previously obtained in the face of a license agreement after finding that the defendant had gone beyond the scope of his license.

This would seem to dispose of the issue as to whether the license agreement nullified the original decree. But, the bothersome question before the court is the claim of refund now being litigated in the State Supreme Court. From all the affidavits submitted, I feel that in the interests of justice, a determination of the issues raised there is necessary before the court can pass upon the application to vacate the decree or the injunction issued thereunder.

The court therefore makes the following ruling. The petitioner's motion to vacate the decree, or in the alternative, the injunction issued pursuant thereto, is denied. However, the enforcement of the injunction served upon the petitioner is stayed pending the determination of the State Court action. If the action there is unfavorable to the petitioner, the plaintiff may then move to vacate the stay herein at which time the issues presented may be passed upon. And should the petitioner fail to proceed to trial when the same is reached in its regular order in the State Court, the plaintiff may move in this court for such relief as may be proper with respect to the stay.